Gary D. FULLER, Petitioner—
Appellant,

v.

Jean HILL, Superintendent, Snake River Correctional Institution, Respondent—Appellee.

No. 07–35841.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 29, 2008 *.

Filed Sept. 5, 2008.

Amy Baggio, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

---

* The panel unanimously finds this case suitable

546

Denis Vannier, Attorney General Office of Oregon, Salem, OR, for Respondent–Appellee.

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Petitioner Gary D. Fuller ("Fuller") appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Fuller alleges that he received ineffective assistance of counsel when his trial attorney failed to request a mistrial or removal of a juror who he claims slept during a portion of the first day of trial. To succeed on a claim of ineffective assistance, Fuller must demonstrate that his counsel's conduct fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, in this habeas proceeding, Fuller must also establish that the state court's denial of his ineffective assistance claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Fuller's showing falls far short of these demanding standards. We agree with the district court that the state court's rejection of Fuller's claim appears to have been based on his failure to establish the facts underlying the claim, i.e., that the juror was actually sleeping. This was not an unreasonable determination of the facts in light of the state record: Fuller's attorney could not recall a juror sleeping during trial; the trial judge referenced a juror having trouble staying awake (but not necessarily fully asleep); and Fuller himself testified that he could not confirm that the juror was actually asleep, but that the juror had his eyes closed for (at most) a few minutes during the first day of trial.

However, even assuming we accept Fuller's argument that a juror was asleep and that we can review his claim de novo, the claim still fails. The record, including Fuller's own testimony, reveals that the matter was brought to the judge's attention and that it was dealt with off the record; the record from the second day of trial confirms that, in his judgment, counsel did not perceive the juror's "problems staying awake" the previous day to be a significant concern. Given the admitted brevity of the problem and the lack of specifics as to what testimony, if any, may have been missed, Fuller cannot show that his counsel acted outside the wide range of reasonable professional assistance or that there was a reasonable probability of a different outcome had his counsel moved for a mistrial or removed the juror. *See United States v. Springfield*, 829 F.2d 860, 864 (9th Cir.1987) (not every incident of juror misconduct, including sleeping juror, requires a new trial); *see also Lamar v. Graves*, 326 F.3d 983, 986 (8th Cir.2003) (failure to object to a juror sleeping during a portion of the state's case was "result of

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

reasonable professional judgment" and did not prejudice petitioner) (citations omitted)

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.